IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRIAN HEATH GOMEZ                                                                                    PETITIONER

v.                                                            CIVIL ACTION NO. 1:23-cv-73-TBM-RPM

HARRISON COUNTY, MISSISIPPI, *et al.*                                                RESPONDENT

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. The Court, having considered the record and relevant legal authority, finds that this civil action should be dismissed.

### I. BACKGROUND

The Court severed Gomez's Section 2241 habeas claims from his 42 U.S.C. § 1983 conditions-of-confinement claims and directed that the Clerk open a new § 2241 habeas civil action. [1], pg. 2. Gomez's Section 1983 claims continued to be litigated in *Gomez v. Harrison County, Mississippi*, Civil Action No. 1:22-cv-279-RPM (S.D. Miss. June 20, 2023), and his § 2241 habeas claims are being addressed in the instant civil action.

Gomez was ordered to file his Section 2241 habeas claims on the form used to file a Petition Under 28 U.S.C. § 2241. [6], pg. 2. Gomez filed his § 2241 as directed. [9], pp. 1-8. Gomez states that he is no longer in jail. [9], pp. 1, 7. Gomez further states that he "signed a guilty plea" and has been "released from jail on prob[ation]." *Id.*, pg. 7. As relief, Gomez is requesting to have his charges dismissed. *Id.*

### II. DISCUSSION

A pretrial detainee's suit challenging his incarceration is properly brought pursuant to

28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The "purpose of the writ [filed pursuant to section 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973) (citation omitted).

Gomez's habeas petition was filed based on his detention at the Harrison County Detention Center and his desire to be released. [1] at pg. 1. Gomez is no longer incarcerated at the Harrison County Detention Center, he pled guilty to a criminal charge, and he has been released. [9], pg. 7.

This Court is obliged to raise the subject of mootness *sua sponte*. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (noting that an actual controversy must exist at all stages of federal court proceedings). A case is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citations omitted).

To the extent Gomez seeks release from pretrial detention, this Court can no longer provide Gomez with his requested relief. This portion of Gomez's Petition is moot. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that a conviction during pendency of case renders habeas petition challenging pretrial detention moot). Gomez's request for dismissal of the criminal charge can no longer be granted because he plead guilty to that charge. *See Salgado,* 220 F. App'x at 257 (finding § 2241 habeas petition moot because requested relief could no longer be

granted).

Considering Gomez's conviction, any habeas challenge would fall under 28 U.S.C. § 2254, which requires a petitioner to "exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008). To satisfy the Section 2254 exhaustion requirement, the substance of the federal claim must be "fairly presented to the highest state court." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004). The petitioner must "afford the state court a fair opportunity to apply controlling legal principles to facts bearing upon his constitutional claim." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (citation and internal quotation marks omitted).

When asked if he has filed any petitions, applications, or motions with respect to the grounds presented in this habeas Petition in any state court, Gomez fails to respond and provides no information demonstrating that he has exhausted his available state court remedies. *See* [9], pp. 6-7. Because Gomez fails to demonstrate that he exhausted any Section 2254 claims challenging his conviction based on his guilty plea, any claims under Section 2254 should be dismissed without prejudice. *See Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) (citations omitted) (finding "there is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete").

### III. CONCLUSION

Gomez's pretrial detention is no longer in controversy. Gomez is no longer detained in the Harrison County Detention Center, he pled guilty to a criminal charge for which he was awaiting

3

trial, and was released from jail on probation. Finally, Gomez fails to demonstrate exhaustion of any Section 2254 claims that he is asserting in this case. For these reasons, the Court finds that this Petition [9] for a Writ of Habeas Corpus should be dismissed.

IT IS, THEREFORE, ORDERED AND ADJUDGED, for the reasons stated above, that Gomez's Petition for habeas relief filed pursuant to 28 U.S.C. § 2241 is DISMISSED WITH PREJUDICE. Any claims for habeas relief under 28 U.S.C. § 2254 are DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 10th day of August, 2023.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE